**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2102
_____

RAFIQ SABIR,
                    Appellant

v.

WARDEN LORETTO FCI
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 3:20-cv-00152)
District Judge:  Honorable Stephanie L. Haines
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
on July 16, 2025

Before:  KRAUSE, PHIPPS, and ROTH, Circuit Judges

(Opinion filed: August 19, 2025)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Rafiq Sabir appeals pro se from the District Court's order denying his petition under 28 U.S.C. § 2241. We will affirm.

I.

The facts and procedural history of this case are well known to the parties and need not be discussed at length. Sabir is a federal inmate serving a 300-month sentence. In 2019, while he was housed at the Metropolitan Detention Center (MDC) in Brooklyn, New York, a prison officer searched the cell that Sabir shared with another inmate and found a cell phone on the floor next to the lockers. Sabir was charged with possession of a "hazardous tool," which is defined in a Board of Prisons (BOP) program statement as including mobile phones, and received a copy of the incident report the next day. On July 28, 2019, Sabir met with the Unit Disciplinary Committee (UDC). The UDC referred the matter to a Disciplinary Hearing Officer (DHO).

The DHO issued a report after a hearing on August 7, 2019. The DHO found that Sabir had possessed the cell phone as charged. He considered Sabir's statement, the reporting officer's statement, an investigative report, and photographs of the cell phone. The DHO stated that Sabir did not present sufficient evidence to refute the charge. He sanctioned Sabir to the loss of 41 days of good conduct time, disciplinary segregation for 45 days, and the loss of 180 days of telephone and commissary privileges.

In 2020, Sabir filed a § 2241 habeas petition claiming violations of his right to due process and a violation of the Double Jeopardy Clause. Sabir also submitted an affidavit

2

from an inmate at FCI-Loretto, who stated that he saw the raid at MDC and "at the exact time of the raid [he] personally witnessed an inmate go to [Sabir's] cell and slide the cell phone under Inmate Sabir's door." ECF No. 2-4. Sabir stated that this was confirmed by another inmate who was transferred from FCI-Loretto before he could get an affidavit. Sabir sought restoration of his good conduct time. The Government responded that Sabir had failed to exhaust his administrative remedies and that there was no due process violation. A Magistrate Judge recommended denying the petition on the ground that Sabir's constitutional claims lacked merit. The District Court adopted the Magistrate Judge's recommendation, supplemented his report, and denied relief. Sabir timely appealed.

## II.

We have appellate jurisdiction under 28 U.S.C. §§ 1291 and 2253(a). We review the District Court's legal conclusions de novo and its factual findings for clear error. See Vega v. United States, 493 F.3d 310, 314 (3d Cir. 2007). We may affirm on any basis in the record. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

The District Court correctly denied Sabir's due process claims concerning his prison disciplinary proceedings. Federal prisoners have a liberty interest in statutory good time credits. Wolff v. McDonnell, 418 U.S. 539, 557 (1974); Vega, 493 F.3d at 317 n.4; see also 18 U.S.C. § 3624(b)(1). Thus, a prison disciplinary hearing that may result in the loss of good conduct time must provide the following minimum due process safeguards, in a proceeding before an impartial decision-making body: (1) at least twenty-four hours

of written notice of the charges; (2) an opportunity to call witnesses and present documentary evidence; (3) assistance from an inmate representative if the charge involves complex issues or if the prisoner is illiterate; and (4) a written decision explaining the evidence relied upon and the reasons for the disciplinary action. See Wolff, 418 U.S. at 563-67. Regardless of whether he requested one, Sabir was not entitled to a staff representative under Wolff because he is not illiterate, nor was the issue before the DHO complex.[1] See 418 U.S. at 570. The errors in the DHO's report alleged by Sabir do not reflect that the DHO was not acting as an impartial decision-maker. The record also does not support Sabir's contention that an initial DHO hearing was held before the one on August 7, 2019.[2]

We further agree with the District Court's conclusion that there was sufficient evidence to support the DHO's decision. A prison disciplinary decision must be supported by "some evidence" in the record. See Superintendent v. Hill, 472 U.S. 445, 455 (1985). Under a theory of constructive possession, "the mere discovery of contraband in a shared cell constitutes 'some evidence' that each prisoner in that cell possessed the contraband." Denny v. Schultz, 708 F.3d 140, 146 (3d Cir. 2013). The standard

---

[1] Sabir argues that he required a staff representative because prior to the hearing before the DHO, he was in the segregated housing unit and therefore unable to investigate the charge and locate witnesses. But those circumstances do not implicate the *complexity* of the issue before the DHO, which aside from illiteracy is the only context necessitating a staff representative under Wolff. 418 U.S. at 570.

[2] Even if there had been such a hearing as Sabir claims, the lack of a written decision could not violate due process because it appears that no decision was made at that time.

4

articulated by the Supreme Court in <u>Hill</u> is minimal and "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." 472 U.S. at 455. Rather, the relevant inquiry "is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." <u>Id.</u> at 455-56. The evidence in front of the DHO at the time of the hearing included the reporting officer's statement about finding the phone, an investigative report, and photographs of the phone.[3] Under a constructive possession theory, this was sufficient evidence to support the DHO's decision.

We agree with the District Court's analysis regarding Sabir's remaining claims. His claims about a Post-it note and "secret evidence" used by the DHO to find him guilty lack support in the record. His double jeopardy claim lacks merit because prison disciplinary proceedings do not implicate the Double Jeopardy Clause. <u>United States v. Newby</u>, 11 F.3d 1143, 1145 (3d Cir. 1993). And while under the BOP's codification of its disciplinary procedures at 28 C.F.R. § 541, <u>et</u> <u>seq.</u>, an inmate "ordinarily" receives the incident report within twenty-four hours of when prison staff becomes aware of the

---

[3] It did not include the affidavit, later procured by Sabir, of an inmate who allegedly witnessed a gang member slide the phone under the door of Sabir's cell during the raid. Sabir argues that this affidavit means that the probability he actually possessed the phone was far lower than the 1 in 2 chance the District Court applied, as all inmates on his cell block would also have had access to his cell at that time. But even assuming the statements in the affidavit are true, the affidavit was not in front of the DHO before he made his decision and is therefore irrelevant to our review under <u>Hill</u>.

5

incident, <u>see</u> 28 C.F.R. § 541.5(a), the regulations do not mandate that timing, and neither does <u>Wolff</u>.

Based on the foregoing, we will affirm the judgment of the District Court.